FILED
January 03, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003990318

4

STEVEN S. ALTMAN (SB NO. 63824)
Law Offices of Steven Altman, PC
1127-12th Street, Suite 203
Modesto, CA 95354
Phone:(209) 521-7255
Fax: (209) 577-8390
email: altman@altmanattorney.com

Attorney for Trustee
Michael D. McGranahan

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto, Division)

| | |
|---|---|
| In re<br><br>PAUL F. DUMAS AND JACKLYN J. DUMAS<br><br>Debtors | Case No: 10-90518<br>DCNO: SSA-2<br><br>Date: January 25, 2012<br>Time: 10:30 A.M.<br>Place: 1200 I. St. 2nd Fl. Modesto, CA<br><br>Dept: E<br><br>Judge: Ronald H. Sargis |

**TRUSTEE'S MOTION FOR SALE OF BANKRUPTCY ESTATE'S INTEREST IN FRACTIONAL INTEREST IN PARTNERSHIP PROPERTY
[11 U.S.C. SECTION 363(b)(1)]
[28.58% INTEREST IN PARTNERSHIP INTEREST KNOWN AS SECURITY ENTERPRISES LOCATED IN DELHI, CALIFORNIA]**

To: THE HONORABLE RONALD H. SARGIS, U.S. BANKRUPTCY JUDGE:

Trustee, Michael D. McGranahan, respectfully states the following pursuant to 11 U.S.C. Section 363 (b) (1) of the Bankruptcy Code, LBR 9014-1(f)(2) and respectfully represents the following:

1. Debtors filed the subject Chapter 7 bankruptcy case originally as a Chapter 11

**MOTION FOR SALE OF FRACTIONAL PARTNERSHIP INTEREST**

proceeding on February 16, 2010. The case was converted to Chapter 7 on March 22, 2010. Thereafter Michael D. McGranahan became the duly appointed Trustee of the subject estate.

**PROPERTY INTEREST:**

2. Among the assets which constitute this estate is debtors' interest in the subject property:

> 28.58% fractional interest of Paul Dumas in Security Enterprises, commonly known as "Magnolia Gardens," located at 9760 Gordon Avenue in Delhi, California.[1]
> (hereafter "property" or "subject property")

**NATURE OF PROPERTY:**

3. The foregoing property is a fractional partnership interest (28.58% ) held by debtor Paul Dumas, arising out of a partnership created on or about April 10, 1987. The foregoing property is commercial in nature: used for the operation of low and moderate rural rental housing.

**ENCUMBRANCES AND RESTRICTIONS:**

4. The subject property interest referenced above has an underlying loan owed to Farmers Home Administration. The partnership is responsible for that obligation. As of December 15, 2011, the foregoing obligation was $572,393.44. In addition to the foregoing, the terms and conditions of the loan obligation with the partnership and Farmers Home Administration mandate that the loan in question can only be used for low or moderate housing and if the investment return exceeds the sum of eight (8%) percent per annum of the borrower's initial investment, the Government has the right to require the borrower to reduce the rents and/or refund the excess returns on the investment to the tenants. (Loan Agreement for An RPH Loan to a Partnership Operating on a Limited Basis, dated 11/18/1983, page 3, Section 6K). (referenced in motion, but not attached. Reviewed by Trustee and his counsel, but available upon request of the Court).

5. The Trustee has received an offer to the sell the estate's interest in the subject property referenced above to Kathleen C. Dumas, sister of debtor Paul Dumas for the principal

---

[1] Neither Debtor was parties to the original loan agreement and they were not partners at the time the loan was made to the partnership on or about November 18, 1983.

MOTION FOR SALE OF FRACTIONAL PARTNERSHIP INTEREST         2

sum of $15,000 (all cash). The subject offer is "**AS IS**" and "**WHERE IS**" and "**WITHOUT WARRANTY.**" The buyer will also be purchasing the property interest subject to any liens and/or encumbrancers of record, including but not necessarily limited to the obligation owed to Farmers Home Administration listed above. A copy of the sale agreement is filed with this motion and identified as Exhibit "1" (sale agreement) which also includes Trustee's Addendum.

     6. The proposed buyer has tendered to the Trustee an earnest money deposit of deposit of $14,000. At the time of this Motion she will owe the additional sum of $1,000 which is expected to have been paid. In consideration of same, and subject to approval of the Bankruptcy Court, as well as <u>overbid</u>, the Trustee shall convey to buyer his interest in the property represented in this Motion and Exhibit "1".

     7. There are no brokers costs occasioned by this sale.

     8. The Trustee requests, subject to Court approval, that any overbid be determined by the Court. The Trustee would request that any overbid be in increments of $500.00. As such, the next highest bid would be $15,500.

     9. The Trustee contends, based upon his investigation and circumstances surrounding this case, discussions with debtors, their counsel, his CPA, his bankruptcy counsel, that it is in the best interests of case administration and for creditors of this estate if the sale were to be approved. In conjunction with the sale, the Trustee has submitted his declaration in support of sale. (See Declaration of Michael D. McGranahan).

     **WHEREFORE the Trustee prays as follows**:

     1. For authorization to sell the subject property interest referenced above under the terms and conditions herein;

     2. For authority for the Trustee to execute any further documents necessary or convenient to consummate this transaction;

     3. For overbid, if any, in increments of $500;

     4. For authority to administer proceeds pursuant to the Trustee's duties on behalf of this estate;

5. For such other relief the court deems just.

Dated: 28 December 2011                    Law Offices of Steven Altman, PC

                                           By: _____
                                               STEVEN S. ALTMAN
                                               Attorney for Trustee
                                               Michael D. McGranahan